1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                         DISTRICT OF NEVADA

7                                 * * *

8   DAVID TIFFANY,                      Case No. 3:13-cv-00682-MMD-VPC

9                         Petitioner,                   ORDER

10       v.

11  ROBERT LeGRAND, et al.,

12                        Respondents.

13

14          This is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §

15  2254, by a Nevada state prisoner. This matter comes before the Court on petitioner's

16  motions for the appointment of counsel (dkt. nos. 5 & 8) and respondents' motion to

17  dismiss (dkt. no. 12).

18  **I.    PROCEDURAL HISTORY**

19          Petitioner was convicted, pursuant to a jury trial, of two counts of lewdness with a

20  child under the age of 14, eight counts of sexual assault with a minor under the age of

21  14, three counts of solicitation of a minor, and five counts of child abuse and neglect.

22  (Exh. 92.[1]) Petitioner was sentenced to ten (10) life sentences with the possibility of

23  parole after twenty (20) years, and eight (8) definite terms, all running concurrently. *Id.*

24  Petitioner appealed his conviction. (Exh. 100.) Through appellate counsel, petitioner

25  filed his opening brief on June 26, 2008. (Exh. 130.) The Nevada Supreme Court

26  rejected petitioner's claims and affirmed petitioner's convictions in an order filed April

27  _____

    [1]The exhibits referenced in this order are found in the Court's record at dkt. nos.
28  13-23.

13, 2010. (Exh. 145.) Petitioner filed a motion for rehearing, which was denied by order filed June 23, 2010. (Exh. 148.) Remittitur issued October 18, 2010. (Exh. 154.)

While his direct appeal was pending, petitioner filed a federal habeas petition in this Court under Case No. 3:08-cv-00539-LRH-RAM. The action was dismissed without prejudice because petitioner had not exhausted his claims in state court. (Dkt. no. 15 in Case No. 3:08-cv-00539-LRH-RAM.)

Petitioner filed a *pro per* post-conviction habeas petition in the state district court on November 12, 2010. (Exh. 158.) The petition was 320 pages in length. (*Id.*) By order filed February 16, 2011, the state district court dismissed the petition without prejudice on the basis that the petition was too lengthy. (Exh. 176.) Petitioner appealed. (Exh. 177.) On April 11, 2011, the Nevada Supreme Court reversed and remanded the state district court's denial of the petition based on its length. (Exh. 201.) The Nevada Supreme Court remanded the case to state district court for consideration of the claims raised in the post-conviction habeas petition. (*Id.*)

On remand, the state district court appointed counsel to represent petitioner in his post-conviction proceedings. (Exh. 213.) On November 22, 2011, petitioner's counsel filed a supplemental memorandum in support of the post-conviction habeas petition. (Exh. 216.) Following an evidentiary hearing, by order filed July 12, 2012, the state district court denied the post-conviction habeas petition. (Exh. 233.) Petitioner appealed from the denial of his post-conviction petition. (Exh. 237.) Petitioner's opening brief on appeal was filed on January 28, 2013. (Exh. 245.) On September 18, 2013, the Nevada Supreme Court affirmed the denial of the post-conviction habeas petition. (Exh. 267.) Remittitur issued on December 5, 2013. (Exh. 270.)

Approximately two years before his state habeas proceedings concluded, petitioner filed another federal habeas petition in this Court, under Case No. 3:11-cv-00806-LRH-WGC. The federal petition was dismissed without prejudice for failure to exhaust his state court remedies. (Dkt. no. 5, in Case No. 3:11-cv-00806-LRH-WGC.)

///

On February 22, 2013, acting in *pro per*, petitioner filed a second state post-conviction habeas petition raising a single claim that trial counsel was ineffective for failing to negotiate a plea bargain. (Exh. 247.) By order filed May 31, 2013, the state district court denied petitioner's second post-conviction habeas petition. (Exh. 257.) Petitioner appealed. (Exh. 259.) On September 18, 2013, the Nevada Supreme Court affirmed the dismissal of the petition, finding the petition procedurally defaulted. (Exh. 265.) Remittitur issued on October 15, 2013. (Exh. 268.)

Petitioner dispatched his third federal habeas petition on November 25, 2013, which was filed in the instant case. (Dkt. no. 2, at page 1, item 5.) The petition contains 28 grounds for relief. (Dkt. nos. 2 & 2-1.) Respondents have filed a motion to dismiss the petition because it contains unexhausted claims. (Dkt. no. 12.) Petitioner filed an opposition to the motion to dismiss. (Dkt. no. 27.) Respondents have filed a reply to the opposition. (Dkt. no. 28.) Additionally, petitioner has filed two motions for the appointment of counsel. (Dkt. nos. 5 & 8.) The Court now addresses all pending motions in this case.

## II.    DISCUSSION

### A.    Petitioner's Motions for Appointment of Counsel

Petitioner has filed two motions seeking the appointment of counsel. (Dkt. nos. 5 & 8.) Pursuant to 18 U.S.C. § 3006(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). The petition on file in this action is well-written and sufficiently clear in presenting the issues that petitioner wishes to bring. The issues in this case are not complex. Counsel is not justified in this instance. The motions for appointment of counsel are denied.

1

      **B.    Respondents' Motion to Dismiss**

2           Respondents argue that the federal habeas petition contains unexhausted

3    grounds. Pursuant to 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust

4    state court remedies on a claim before presenting that claim to the federal courts. To

5    satisfy the exhaustion requirement, the claim must have been fairly presented to the

6    state courts completely through to the highest court available, in this case, the Nevada

7    Supreme Court. *See, e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en

8    banc); *Yang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the

9    petitioner must refer to the specific federal constitutional guarantee and must also state

10   the facts that entitle the petitioner to relief on the federal constitutional claim. *Shumway*

11   *v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). Fair presentation requires that the petitioner

12   present the state courts with both the operative facts and the federal legal theory upon

13   which the claim is based. *See, e.g. Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir.

14   2005). The exhaustion requirement ensures that the state courts, as a matter of federal-

15   state comity, will have the first opportunity to pass upon and correct alleged violations of

16   federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 731

17   (1991).

18         In this case, petitioner's federal habeas petition is almost identical to his *pro per*

19   post-conviction habeas petition filed in state court on November 23, 2010. (*Compare*

20   dkt. no. 2 *with* Exh. 158.) All grounds raised in the federal habeas petition were raised in

21   petitioner's *pro per* state habeas petition. (*Id.*) In the state district court, on remand from

22   the Nevada Supreme Court, petitioner was granted counsel, who filed a supplemental

23   memorandum in support of the petition. (Exh. 216.) After the petition was denied,

24   petitioner's appointed counsel selected only those claims that he believed were

25   appropriate for appeal. (Exh. 245.) *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)

26   ("Experienced advocates since time beyond memory have emphasized the importance

27   of winnowing out weaker arguments on appeal and focusing on one central issue if

28   possible, or at most on a few key issues."). As such, the opening brief on appeal from

1  the denial of the state habeas petition contained fewer claims than the petition filed in

2  state district court contained. (*Compare* Exh. 158 *with* Exh. 245.) Only those claims that

3  were presented to the Nevada Supreme Court on appeal were exhausted. *See Castillo*

4  *v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005). On review of the opening brief on

5  direct appeal (Exh. 130) and the opening brief on appeal from the denial of the state

6  habeas petition (Exh. 245), certain claims in the federal habeas petition, as discussed

7  below, were presented to the Nevada Supreme Court and are thus exhausted.

8      The claim in Ground 1 that the justice court's refusal to reduce the bail amount

9  violated due process was presented to the Nevada Supreme Court in the opening brief

10  on direct appeal. (Dkt. no. 2 at 47-52; Exh. 130 at 18-24.) The claim is therefore

11  exhausted.

12      The claim in Ground 5 that petitioner's right to a speedy trial was violated was

13  presented to the Nevada Supreme Court on direct appeal. (Dkt. no. 2 at 75-80; Exh.

14  130 at 24-30.) The speedy trial claim is therefore exhausted. However, to the extent that

15  Ground 5 also includes a claim of ineffective assistance of counsel, that claim is

16  unexhausted.

17      The claim in Ground 8 that there was insufficient evidence to support his

18  convictions for sexual assault, child abuse, and solicitation was presented to the

19  Nevada Supreme Court on direct appeal. (Dkt. no. 2 at 93-102; Exh. 130 at 52-58.) The

20  insufficiency of the evidence claim is therefore exhausted. However, to the extent that

21  Ground 8 includes a claim of ineffective assistance of counsel, that claim is not

22  exhausted.

23      The claim in Ground 9 that trial counsel was ineffective for failing to move to

24  sever the counts of child abuse and neglect from the other charges was presented to

25  the Nevada Supreme Court on appeal from the denial of petitioner's state habeas

26  petition and is therefore exhausted. (Dkt. no. 2 at 103-09; Exh. 245, at p. 36 (stating

27  only that counsel failed to file a motion to sever the marijuana charges despite

28  petitioner's request and the failure was "prejudicial").) The Nevada Supreme Court

1   denied the claim as conclusory. (Exh. 267 at 4-5.) To the extent that petitioner offers
2   new facts in support of this claim or has altered it by alleging that the solicitation counts
3   should have been severed (dkt. no. 2 at 103-09), these are new claims that are
4   unexhausted.

5       The claim in Ground 18 that trial counsel was ineffective for failing to obtain an
6   independent psychological evaluation of the victim was presented to the Nevada
7   Supreme Court on appeal from the denial of petitioner's state habeas petition and is
8   therefore exhausted. (Dkt. no. 2-1 at 20-26; Exh. 245 at 32-35.) The related claim in
9   Ground 18 that the trial court erred by denying the motion for a psychological evaluation
10  was presented to the Nevada Supreme Court on direct appeal and is therefore
11  exhausted. (Dkt. no. 2-1 at 20-26; Exh. 130 at 43-52.)

12      The claim in Ground 21 that the trial court erred in denying a pretrial motion for
13  an investigator was presented to the Nevada Supreme Court on direct appeal and is
14  therefore exhausted. (Dkt. no. 2-1 at 38-42; Exh. 130 at 15-18.) The claim in Ground 24
15  that the Nevada Supreme Court erred by denying this claim (dkt. no. 2-1, at pp. 52-58)
16  is redundant in light of the fact that the AEDPA review of Ground 21 will address
17  whether the Nevada Supreme Court's resolution of the claim was reasonable. 28 U.S.C.
18  § 2254(d).

19      In Ground 27, petitioner asserts a claim of cumulative error. (Dkt. no. 2-1 at 68-
20  74.) In his opening brief on appeal from the denial of his state habeas petition, petitioner
21  sought only the cumulative consideration of errors that were alleged during that appeal.
22  (Exh. 245 at 42-43.) Petitioner's claim of cumulative error in the federal petition is much
23  broader. (Dkt. no. 2-1 at 68-74.) Only the portion of Ground 27 that alleges cumulative
24  error within the scope of petitioner's opening brief on appeal from the denial of the state
25  habeas petition is exhausted. All other claims of cumulative error are unexhausted.

26      In his opposition, petitioner argues that he exhausted all claims in his federal
27  habeas petition by presenting the claims in his state habeas petition filed in the state
28  district court. (Dkt. no. 27 at 3-4.) Only those issues "within the four corners" of

6

petitioner's state appellate briefing were properly presented to the Nevada Supreme Court for exhaustion purposes. *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005). Petitioner did not present the Nevada Supreme Court with the majority of the claims asserted in his federal habeas petition. The Court has outlined, *supra*, those claims in the federal habeas petition that were properly exhausted by their presentation to the Nevada Supreme Court. The following claims in the federal habeas petition are unexhausted, as they were not presented to the Nevada Supreme Court: Grounds 2, 3, and 4; the ineffective assistance of counsel portion of Ground 5; Grounds 6 and 7; the ineffective assistance of counsel portion of Ground 8; portions of Ground 9; Grounds 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 22, 23, 25 and 26; portions of Ground 27; and Ground 28.

## III.   PETITIONER'S OPTIONS REGARDING UNEXHAUSTED CLAIMS

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition contains both exhausted and unexhausted claims. *Id.* In the instant case, the Court finds that the following claims in the federal habeas petition are properly exhausted: (1) the claim in Ground 1 that the justice court's refusal to reduce the bail amount violated due process; (2) the claim in Ground 5 that petitioner's right to a speedy trial was violated; (3) the claim in Ground 8 that there was insufficient evidence to support his convictions for sexual assault, child abuse, and solicitation; (4) the claim in Ground 9 that trial counsel was ineffective for failing to move to sever the counts of child abuse and neglect from the other charges; (5) the claim in Ground 18 that trial counsel was ineffective for failing to obtain an independent psychological evaluation of the victim, and the related claim in Ground 18 that the trial court erred by denying the motion for a psychological evaluation; (6) the claim in Ground 21 that the trial court erred in denying a pretrial motion for an investigator; and (7) the portion of Ground 27 that alleges cumulative error within the scope of petitioner's opening brief on appeal from the denial of the state

habeas petition. The following claims in the federal habeas petition are unexhausted: Grounds 2, 3 and 4; the ineffective assistance of counsel portion of Ground 5; Grounds 6 and 7; the ineffective assistance of counsel portion of Ground 8; portions of Ground 9; Grounds 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 22, 23, 25 and 26; portions of Ground 27; and Ground 28. Because the Court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

1.   He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2.   He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3.   He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

See *Rose v. Lundy*, 455 U.S. 509; *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009). Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**IV.    CONCLUSION**

It is therefore ordered that petitioner's motions for the appointment of counsel (dkt. nos. 5 & 8) are denied.

It is further ordered that respondents' motion to dismiss (dkt. no. 12) is granted, as follows:

1.   The following claims in the federal habeas petition are exhausted: (1) the claim in Ground 1 that the justice court's refusal to reduce the bail amount violated due process; (2) the claim in Ground 5 that petitioner's right to a speedy trial

1   was violated; (3) the claim in Ground 8 that there was insufficient evidence to support

2   his convictions for sexual assault, child abuse, and solicitation; (4) the claim in Ground 9

3   that trial counsel was ineffective for failing to move to sever the counts of child abuse

4   and neglect from the other charges; (5) the claim in Ground 18 that trial counsel was

5   ineffective for failing to obtain an independent psychological evaluation of the victim,

6   and the related claim in Ground 18 that the trial court erred by denying the motion for a

7   psychological evaluation; (6) the claim in Ground 21 that the trial court erred in denying

8   a pretrial motion for an investigator; and (7) the portion of Ground 27 that alleges

9   cumulative error within the scope of petitioner's opening brief on appeal from the denial

10   of the state habeas petition.

11          2.     The following claims in the federal habeas petition are

12   unexhausted: Grounds 2, 3 and 4; the ineffective assistance of counsel portion of

13   Ground 5; Grounds 6 and 7; the ineffective assistance of counsel portion of Ground 8;

14   portions of Ground 9; Grounds 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 22, 23, 25 and 26;

15   portions of Ground 27; and Ground 28.

16          It is further ordered that petitioner shall have thirty (30) days to either: (1) inform

17   this Court in a sworn declaration that he wishes to formally and forever abandon the

18   unexhausted grounds for relief in his federal habeas petition and proceed on the

19   exhausted grounds; or (2) inform this Court in a sworn declaration that he wishes to

20   dismiss this petition without prejudice in order to return to state court to exhaust his

21   unexhausted claims; or (3) file a motion for a stay and abeyance, asking this Court to

22   hold his exhausted claims in abeyance while he returns to state court to exhaust his

23   unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or

24   seek other appropriate relief, respondents may respond to such motion as provided in

25   Local Rule 7-2.

26          It is further ordered that if petitioner elects to abandon his unexhausted grounds,

27   respondents shall have thirty (30) days from the date petitioner serves his declaration of

28   abandonment in which to file an answer to petitioner's remaining grounds for relief. The

answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that petitioner shall have thirty (30) days following service of respondents' answer in which to file a reply.

It is further ordered that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED THIS 17th day of February 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE