UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVID TIFFANY, | Case No. 3:13-cv-00682-MMD-VPC |
| Petitioner, | ORDER |
| v. | |
| ROBERT LeGRAND, et al., | |
| Respondents. | |

This is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. On February 17, 2015, this Court entered an order granting respondents' motion to dismiss and finding several grounds of the petition unexhausted. (Dkt. no. 29.) The Court gave petitioner the option of abandoning his unexhausted claims and proceeding on his exhausted claims, or in the alternative, to seek a stay under *Rhines v. Weber*, 544 U.S. 269 (2005). Petitioner was directed to inform the Court of his choice among the options given within thirty (30) days. (Dkt. no. 29 at. 8-10.)

Petitioner has filed a motion for reconsideration or alteration of the Court's order of February 17, 2015. (Dkt. no. 32.) In challenging an interlocutory order, a district court may rescind, reconsider, or amend a previous order pursuant to its inherent power to modify interlocutory orders before the entry of final judgment. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886-87 (9th Cir. 1987).

Petitioner claims that the Court's order failed to address the addendum in his opposition. In the addendum, petitioner contends that if he returned to state court to exhaust his claims, such claims would be procedurally defaulted. (Dkt. no. 27 at 27-35.) That the Court did not discuss petitioner's arguments in its written order does not demonstrate error. Petitioner's arguments were unpersuasive because Nevada's procedural default rules include exceptions for petitioners who can show good cause and prejudice to overcome their default, or who can show that a fundamental miscarriage of justice has resulted in the conviction of one who is actually innocent. *See Pellegrini v. State*, 34 P.3d 519, 537 (Nev. 2001); NRS § 34.810(1), (3); *see also Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011). Petitioner has the option of bringing his unexhausted claims to the Nevada courts and presenting his cause and prejudice arguments to the Nevada courts, thus allowing the Nevada courts an opportunity to apply Nevada's default rules in the first instance. *See Harris v. Reed*, 489 U.S. 255, 263 (1989). Alternatively, if petitioner believes that returning to state court to exhaust his claims would be futile, he may abandon the unexhausted claims and proceed on the merits of his exhausted claims. Because petitioner has not demonstrated any valid basis to alter this Court's order of February 17, 2015, his motion for the same is denied. Moreover, petitioner must obey this Court's order of February 17, 2015, and inform the Court of his choice of options within thirty (30) days, as set forth at the conclusion of this order.

Petitioner has filed a "motion for a Martinez/Ryan hearing." (Dkt. no. 37.) In *Martinez v. Ryan*, 132 S.Ct. 1309, 1318 (2012), the United States Supreme Court held that a petitioner has an equitable right to the effective assistance of counsel in an "initial-review state collateral proceeding." The absence or ineffective assistance of counsel in initial-review state collateral proceedings can, in certain circumstances, constitute cause for procedural default of a claim of ineffective assistance of trial counsel. *Id.* at 1320. The instant case does not implicate *Martinez* because petitioner's claims are not currently procedurally defaulted. This Court's order of February 17, 2015,

found that certain claims were unexhausted. The *Martinez* decision does not apply to unexhausted claims that are not procedurally defaulted. *See Gore v. Crews*, 720 F.3d 811, 815 (11th Cir. 2013).

Finally, petitioner has filed a renewed motion for the appointment of counsel. (Dkt. no. 38.) Petitioner has previously filed two motions for the appointment of counsel (dkt nos. 5 & 8) which were denied by this Court (dkt. no. 29 at 3). Petitioner has no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is within the Court's discretion. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). The Court previously ruled that the petition in this action is sufficiently clear in presenting the issues that petitioner wishes to bring and that the issues in this case are not complex. Nothing in petitioner's current motion causes this Court to deviate from its prior ruling. Petitioner's renewed motion seeking the appointment of counsel is denied.

It is therefore ordered that petitioner's motion for reconsideration or alteration of the Court's order of February 17, 2015, (dkt. no. 32) is denied.

It is further ordered that petitioner's "motion for a Martinez/Ryan hearing" (dkt. no. 37) is denied.

It is further ordered that petitioner's renewed motion for the appointment of counsel (dkt. no. 38) is denied.

It is further ordered that, within thirty (30) days from the date of entry of this order, petitioner must make one of the following elections: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; or (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; or (3) file a motion for a stay and abeyance, asking this Court to hold his exhausted claims

in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

It is further ordered that if petitioner elects to abandon his unexhausted grounds, respondents will have thirty (30) days from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer must contain all substantive and procedural arguments as to all surviving grounds of the petition, and must comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that petitioner will have thirty (30) days following service of respondents' answer in which to file a reply.

It is further ordered that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED THIS 24th day of March 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE