UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DAVID TIFFANY,

Petitioner,

v.

ROBERT LeGRAND, *et al.*,

Defendants.

Case No. 3:13-cv-00682-MMD-VPC

ORDER

This is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court are petitioner's motion for a stay (ECF No. 42), motion for the appointment of counsel (ECF No. 45), and motion for reconsideration (ECF No. 48).

On February 17, 2015, this Court entered an order granting respondents' motion to dismiss and finding several grounds of the petition unexhausted. (ECF No. 29). The Court gave petitioner the option of abandoning his unexhausted claims and proceeding on his exhausted claims, or in the alternative, to seek a stay under *Rhines v. Weber*, 544 U.S. 269 (2005). Petitioner was directed to inform the Court of his choice among the options given within thirty days. (ECF No. 29, at 8-10).

Regarding petitioner's motion for a stay, in limited circumstances, the Court can order a stay and abeyance of a mixed petition to allow petitioner's return to state court to exhaust his claims. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A stay is appropriate if petitioner shows (1) good cause for his failure to exhaust claims in state court, (2) the unexhausted claims are meritorious, and (3) the petitioner has not engaged in

intentionally dilatory litigation tactics. *Id.* at 277-78. Petitioner has not shown good cause for his failure to exhaust his claims. Petitioner's motion for a stay is denied. Petitioner's unexhausted claims will be dismissed.

Petitioner has filed a fourth motion for the appointment of counsel. (ECF No. 45). Petitioner has previously filed motions for the appointment of counsel (ECF Nos. 5, 8, 38). The Court has denied petitioner's prior motions for the appointment of counsel. (ECF No. 29, at 3; ECF No. 41, at 3). Petitioner has no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is within the Court's discretion. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). The Court previously ruled that the petition in this action is sufficiently clear in presenting the issues that petitioner wishes to bring and that the issues in this case are not complex. Nothing in petitioner's current motion causes this Court to deviate from its prior ruling. Petitioner's fourth motion seeking the appointment of counsel is denied.

Petitioner has filed a motion for reconsideration of the Court's order of February 17, 2015. (ECF No. 48). In challenging an interlocutory order, a district court may rescind, reconsider, or amend a previous order pursuant to its inherent power to modify interlocutory orders before the entry of final judgment. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886-87 (9th Cir. 1987). Petitioner argues that he presented all claims to the state district court in his post-conviction petition. Petitioner asserts that he did not need to raise those issues to the Nevada Supreme Court on appeal because the record on appeal contained those claims. In order to be "fairly presented," claims must be presented to the court in a procedurally proper manner. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that exhaustion cannot be achieved by procedurally deficient or improper means). "Fair presentation" of an appellant's claims must be accomplished within the four corners of the appellant's opening brief, and

appellate courts are not obligated to sift through the lower-court record to find potential claims. *See Baldwin v. Reese*, 541 U.S. 27 (2004); *see also Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005). In his motion, petitioner acknowledges that his claims were not presented to the Nevada Supreme Court in a procedurally proper manner. (ECF No. 48, at p. 4). Petitioner has not demonstrated any valid basis to alter this Court's order of February 17, 2015, thus his motion for the same is denied.

It is therefore ordered that petitioner's motion for a stay and abeyance (ECF No. 42) is denied**.**

It is further ordered that petitioner's fourth motion for the appointment of counsel (ECF No. 45) is denied.

It is further ordered that motion for reconsideration (ECF No. 48) of the Court's order of February 17, 2015, is denied.

It is further ordered that the unexhausted grounds specified in the Court's order of February 17, 2015, at page 9, are dismissed without prejudice.

It is further ordered that respondents must file and serve an answer to the remaining grounds of the petition within thirty (30) days from the entry of this order. The answer must include substantive arguments on the merits as to each remaining ground of the petition.

It is further ordered that petitioner must file and serve a reply to the answer, within thirty (30) days after being served with the answer.

DATED THIS 22nd day of August 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE